THOMAS TARBUTTON   CDCR# BE8274

PETITIONER in pro se

Folsom State Prison

P.O. Box 950

Folsom, CA  95763

**FILED**

CLERK, U.S. DISTRICT COURT

APRIL 11, 2022

CENTRAL DISTRICT OF CALIFORNIA

BY: _____AF_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

THOMAS TARBUTTON,

     Petitioner,

  v.

WARDEN RICK HILL, Folsom

State Prison,

     Respondent.

Case No.:  8:21cv1209-FMO-AS

PETITIONER'S NOTICE OF MOTION AND
RULE 7 MOTION FOR LEAVE TO UPDATE
THE REVIEWABLE RECORD

Hearing Date: April 29, 2022
Hearing Time: 9:00 AM
Ctrm:  Southern Division
Hon.: F. Olguin/A. Sagar

Respectfully Submitted By:

_____ 4/05/2022

Thomas Tarbutton

TO THE HONORABLE COURT AND TO ALL PARTIES:

PLEASE TAKE NOTICE that on ___April 29___, 2022, at 9:00 AM, or as soon
thereafter as this matter may be heard in the above-entitled Court located in
the Southern Division or an appropriate location as prescribed, Petitioner Thomas
Tarbutton will and hereby does move this Court, pursuant to Rule 7 of the Rules
Governing Section 2254 Cases in the United States District Courts, to grant
leave for an update to the reviewable record currently before the Court, by
including the relevant materials and information attached hereto as Exhibit No.
35.

THIS MOTION FOR LEAVE TO UPDATE THE REVIEWABLE RECORD is made upon this
NOTICE, the MEMORANDUM OF POINTS AND AUTHORITIES as follows, the documents already
on record with this Court in this action, and upon such further argument as may
be presented if required by the Court in its hearing and consideration of this
Motion.

Dated: _4/06/2022_

Respectfully submitted by:

_____

Thomas Tarbutton   CDCR# BE8274
Petitioner in Pro Se
Folsom State Prison
PO Box 950
Folsom, CA   95763

ii

## TABLE OF CONTENTS

NOTICE OF MOTION ................................................. Pg. ii

TABLE OF CONTENTS ................................................. iii

TABLE OF AUTHORITIES .............................................. iv

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 7 MOTION
 TO UPDATE THE REVIEWABLE RECORD ............................. 1

 1. INTRODUCTION ............................................. 1

 2. STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY ......... 2

 3. THE FOIA REQUEST MADE TO THE USMS AND THE RESPONSE RECEIVED
  THAT CONTRADICTS THE PROSECUTION'S ALLEGATION OF LEGAL
  ARREST AND LAWFUL CONVEYANCE ............................. 5

 4. THE COMPLETION OF THE FOIA REQUEST CORROBORATES SPECIFIC
  CLAIMS AND COMPLEMENTS THE EVIDENCE SUBMITTED IN SUPPORT
  OF THE FIRST AMENDED PETITION ............................ 6

 5. THE FOIA RESPONSE REBUTS THE PRESUMPTION THAT STATE
  PETITION NO. S270092 WAS ADJUDICATED ON THE MERITS; AND/OR
  'IN THE ALTERNATIVE' SHOWS THE STATE'S DETERMINATION OF FACTS
  TO BE OBJECTIVELY UNREASONABLE ........................... 9

 6. THE INFORMATION PRESENTED THROUGH THE FOIA RESPONSE IS
  PROPER BEFORE THE COURT AS STATE COURTS HAVE HAD THE
  OPPORTUNITY TO CORRECT THE RELATED CONSTITUTIONAL
  VIOLATIONS ............................................... 9

 7. UPDATING THE REVIEWABLE RECORD TO INCLUDE THE FOIA RESPONSE
  IS NOT PRECLUDED BY CULLEN V. PINHOLSTER OR STONE V.
  POWELL ................................................... 10

 8. RULE 7 OF THE HABEAS RULES PERMITS THE COURT TO UPDATE
  THE REVIEWABLE RECORD .................................... 12

 9. CONCLUSION ............................................... 12

CERTIFICATE OF COMPLIANCE ......................................... 13

PROOF OF SERVICE BY MAIL .......................................... 14

EXHIBIT NO. 35 [ATTACHED]

TABLE OF AUTHORITIES

Cases:

Alfaro v. Johnson, 862 F.3d 1176 (9th Cir. 2017)   ................ Page  9,10

Conde-Rodriguez v. Adler, 2010 US Dist. LEXIS 56840 (E.D.Cal.2010)......   12

Cooper-Smith v. Palmateer, 397 F.3d 1236 (9th Cir. 2005)   .............   11

Cullen v. Pinholster, 563 US 170 (2011)   ............................   10

Duckworth v. Serrano, 454 US 1 (1981)   ...............................   10

Harper v. Houston, 2021 US Dist. LEXIS 157994 (C.D.Cal.2021)   .........   10

Johnson v. Williams, 568 US 289 (2013)   ..............................   9

Liteky v. United States, 510 US 540 (1994)   .........................   7

Lynch v. Spearman, 2020 US Dist. LEXIS 219396 (C.D.Cal.2021)   .........   11

Mannhalt v. Reed, 847 F.2d 576 (9th Cir. 1988)   ......................   8

Mickens v. Taylor, 535 US 162 (2002)   ...............................   8

O'Sullivan v. Boerckel, 526 US 838 (1999)   ..........................   10

Quezada v. Scribner, 2011 US Dist. LEXIS 92909 (C.D.Cal.2011)   ........   10

Stone v. Powell, 428 US 465 (1976)   .................................   11

Taylor v. Maddox, 366 F.3d 992 (9th Cir. 2004)   .....................   9

Williams v. Taylor, 529 US 420 (2000)   ..............................  10,11

Miscellaneous:

28 USCS 2254(b)(1)(B)(i)/(ii)   ......................................   10

Fed. Rules of Civil Proc., Rule 59(e)   ..............................   2

Rules Governing Habeas Petitions, Rule 7   ..........................  2,12

Fourth Amendment to the US Constitution   ...........................   11

Sixth Amendment to the US Constitution   ............................   8

CA. Penal Code §1054.5   ............................................  3,5

CA. Penal Code §1185   ..............................................  3,5

CA. Penal Code §1538.5   ............................................  3,5

CA. Penal Code §1538.5(c)(1)   ......................................   4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
RULE 7 MOTION TO UPDATE THE REVIEWABLE RECORD

1. <u>INTRODUCTION</u>:  The Petitioner in Habeas Petition No. 8:21cv1209 pending before

the Court, seeks leave to update the reviewable record by incorporating the recently

received results of a Freedom of Information Act request [FOIA] made on 1/25/2021 to

the United States Marshals Service prior to the submission of the original Federal

Habeas Petition.  The Court is aware of the actual FOIA request as it was fairly

presented to the CA. Supreme Court as Exhibit G of state habeas petition No. S270092;

whereafter it was presented as part of the state record in the First Amended Petition

currently before the Court as Exhibit No. 31 [ATTACHMENT H at Pg. 38].  Thus with the

denial of state petition S270092 made without any factual findings-- including the

failure of the state court to compel the evidence that is the subject of the FOIA

request-- the Petitioner prays for the Court's permission to augment the reviewable

record with the information just now being produced by the United States Marshals

Service through the completion of the request.  The results of this FOIA request do

not create any new claims but instead complements that which had been offered by the

Petitioner through the original and amended federal Habeas Petition.  This information

provided by the USMS through the FOIA request is central to specific issues and

highly probative of the   claim of outrageous government conduct in an transnational

arrest and conveyance as raised in CLAIM 4 of the current Petition [ATTACHMENT B at

Page 1].  The materiality of the FOIA information relative to CLAIM 4 is also seen

in other issues of the First Amended Petition as the conduct in question has been

deliberately disguised by the harbored bias of the Trial Court [CLAIM 8.81.7(B); see

ATT. G at Pg. 25], the undisclosed conflict of interest of trial counsel [CLAIM

9.71.6(B)(iii); ATT. G at Pg. 10], and the pervasive pattern of prosecutorial mis-

conduct [e.g. CLAIM 7.6(C); ATT. C at Pg. 25].  Therefore, good cause for leave to

update the record is seen by a state judicial process that has persistently precluded

the Petitioner from any meaningful opportunity to litigate the means and method employed in the arrest and conveyance by depriving him of any evidence whatsoever of the legality of those actions.  The Petitioner has well-pleaded his due diligence in obtaining all evidence relative to these CLAIMS [e.g. Exhibit No. 14; ATT. D at Pg. 76], and the Court has been sufficiently informed of the state-controlled factors/actors that have thwarted all efforts in procuring discoverable materials and information [e.g. See Rule 59(e), Signed 10/13/2021].  Hence and because the Petitioner is not at fault for the delay in providing this information, neither has he failed in developing the factual content that is now the subject of this Rule 7 Motion, the Court's grant to include the results of the FOIA in the reviewable record is merited as it promotes the expeditious resolution to these matters.

2.  <u>STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY</u>:  On 10/20/2021, the Petitioner constructively filed a First Amended Petition that presented the Court with properly preserved claims that included the actual bias of the Trial Court [CLAIM 8.81; ATT. G], and the undisclosed conflict of interest of trial counsel [CLAIM 9.71; ATT. G]. In support of these CLAIMS, the Petitioner also presented as Exhibit No. 26 [ATT. H at Pg. 6], the newly discovered evidence that demonstrates the extrajudicial source of this bias/conflicted interest; and to show the material impact of the harbored allegiance, the Petitioner highlighted the adverse effect of such on the integrity of the criminal process and proceedings [See CLAIM 8.81.7 and CLAIM 9.71.6].  One example provided by the Petitioner that illustrates the improper influence of the bias/conflicted interest, is the extent gone to by the Trial Court and trial counsel to protect not only the credibility of this extrajudicial source but also their own respective interests, by denying the Petitioner any meaningful opportunity to litigate what the prosecutor repeatedly represented to be a legal internationally-warranted arrest and lawful extradition from the country of Panama [See CLAIM 4.2(A); ATT. B at Pg. 5].  As pleaded in CLAIM 4.2(A)(ii), any representation of a legal/lawful

process is undone by the complete absence of documentary evidence that is typical under such circumstances. Described in CLAIM 8.81.7 and CLAIM 9.71.6 [ATT. G], the Petitioner alleges that because the arrest and conveyance process was conducted by a testifying prosecution-team member that is inextricably linked with the extrajudicial source of bias/conflicted interest, Trial Court and trial counsel failed in their constitutional obligations of impartiality and effective assistance by their respective actions that effectively concealed the improprieties associated with these events.

The Petitioner in developing the factual bases of these allegations, notes in CLAIM 4.6(B) [ATT. B at Pg. 27] his extensive due diligence in state courts to obtain evidence related to all CLAIMS, that pertinent to an illegal arrest, included his efforts through the state judicial process to discover the simple documentation of arrest warrants [domestic/international], arrest reports [domestic/international], extradition orders, or records of deportation proceedings. After trial counsel failed to mount any adversarial challenge whatsoever of an unwarranted arrest-- despite an unfulfilled discovery request for arrest related documentation [see 11CT2479-2481]-- the Petitioner in pro per filed a CPC§1538.5 Motion (for return of property) requesting the trial court to move into evidence basic documentation that would be routine in a legal/lawful/authorized seizure/restraint/arrest/ custody/conveyance [see 10CT2242-2247]. Petitioner also, due to that unfulfilled discovery request, filed a discovery motion under CPC§1054.5 that requested the Trial Court to compel the disclosure of the documentary evidence that would be probative of legal arrest and due process [see 10CT2225-2234]. The Trial Court denied these motions along with Petitioner's Motion for New Trial [10CT2062-2074], CPC§1185 Arrest of Judgment [10CT2196-2200], and Motion for Appointment of Experts [10CT2251-2254]-- that all raise issues related to an illegal arrest and unlawful conveyance of the Petitioner. In denying all motions, the Trial

Court also failed to move into evidence any documentation associated with the transnational arrest and rendition [see CLAIM 4.6(B)(ii)]. The Petitioner ultimately filed a writ of mandate with the state appellate court due to the Trial Court's failure to comply with CPC§1538.5(c)(1) which requires a court to compel evidence in order to determine the legality of the challenged conduct [12CT2590]. This petition for writ of mandate was then denied by the state appellate court without any reason which subsequently led to the state habeas petitions of G058686 and S263665; in which the Petitioner again sought evidentiary hearings to discover the routine documentary evidence of a legal and due process in an arrest and conveyance [e.g. Exhibit No. 20 at No.3B on Pg.132, ATT. D].

With these state petitions being denied without factual findings and absent any evidentiary hearings despite Petitioner's explicit requests, the original federal habeas Petition was submitted with that state record that lacked any documentary evidence probative or even supportive of a legal arrest and lawful conveyance [filed 7/15/2021]. Prior to this filing, the Petitioner in his continuing efforts to obtain any evidence associated with his arrest, submitted a FOIA request to the USMS that asked simply for a copy of the warrant that according to the prosecution team was used to arrest and convey. This FOIA request was included as Exhibit No. 31 of the First Amended Petition [Pg. 38 of ATT. H], after it was presented as Exhibit G in state habeas petition S270092 that also presented the evidence of the extrajudicial source. After the Respondent filed its Answer to the First Amended Petition which also failed to identify any documentary evidence indicative of a legal process used to arrest and convey, the Petitioner filed a Traverse wherein he rebuts the presumption that state court denials constituted an 'adjudication on the merits' [see TRAVERSE MEMORANDUM, No. 3 at Pg. 9]. This rebuttal included examples of evidence overlooked by the state judicial process that is definitive of the complained of violation and is absolute in an adjudication based on hearing and evaluating a federalized claim in state court.

RULE 7 MOTION: PAGE 4

Now, almost 9 years after the arrest and conveyance, and after numerous attempts by the Petitioner to receive an arrest warrant and arrest report used in his arrest-- that included a pretrial discovery request, §1538.5 motion, a §1054.5 motion, a §1185 motion, a motion for appointment of experts, a writ of mandate, and 3 state habeas petitions that included specific request for evidentiary hearings-- the Petitioner, again outside of the state judicial process, has obtained on 3/16/2022 through legal mail at Folsom State Prison the evidence overlooked by the state courts that further the rebuttal of the presumptive 'adjudication on the merits'.  This information received from the USMS through the completion of the FOIA request that not only warrants de novo review by federal courts is also material in the dis- postion of the petition as it contradicts the specious versions of legal process offered by the prosecution team as well as demonstrates the adverse impact of the harbored actual bias of the Trial Court and the undisclosed conflict of interest of trial counsel that has kept this information from being fairly presented in support of the relative claims.

3.  <u>THE FOIA REQUEST MADE TO THE USMS AND THE RESPONSE RECEIVED THAT CONTRADICTS</u> <u>THE PROSECUTION'S ALLEGATION OF LEGAL ARREST AND LAWFUL CONVEYANCE</u>:

After extensive efforts through the state judicial process to discover simple documentation related to arrest and conveyance, the Petitioner submitted a FOIA request to the USMS for specific information [see Exhibit No. 31, Pg. 38 of ATT. H]. The response to this 1/25/2021 request was received on 3/16/2022 by the Petitioner and a true and correct copy of the answer dated 3/10/2022 is attached hereto as Exhibit No. 35.  As noted in first page of the cover letter, the USMS conducted a search and located 7 responsive pages  applicable to the FOIA request.  While the USMS answer indicates "portions of the pages are withheld pursuant to FOIA exemptions", all 7 pages are included in the response.  However, absent from these 7 pages is any indication of a federal international arrest warrant, or any corroboration that the

Petitioner's arrest by Panamanian Officials outside of their territorial limitations on 12/14/2013 was conducted as represented by the Prosecutor pursuant to such a warrant [see CLAIM 4.2(A)(i) at Pg. 5 of ATT. B].  Also, as explicitly stated on Page 1 of 7 and Page 6 of 7 of the report generated by the USMS, there was no "International Lookout Placed", neither was the Petitioner in the NCIC-- a federal data base used to provide information to domestic and foreign law enforcement for the purpose of apprehending supposed fugitives [see Page 5 of 7].  Furthermore, Page 6 of 7, shows quite clearly that its findings state the Petitioner was not arrested on a federal warrant but rather it was the Orange County Sheriff's Department  (OCSD) that arrested the Petitioner on the Orange County Felony Complaint issued in the 11CF2747 case.  Therefore, when FBI Agent Murray testifies under oath in reference to a federal warrant stating that the Petitioner was "arrested on it" [2CT349-350], her version is shown to be materially false as the FOIA response contradicts the existence of a federal warrant or its use in arresting the Petitioner.  Moreover, as the FOIA report claims to include all pages responsive to the specific requests for information, the information  provided is conclusive in establishing the arrest of the Petitioner by Panamanian Officials was conducted without a warrant, and as alleged in CLAIM 4, illegal.

4.  <u>THE COMPLETION OF THE FOIA REQUEST CORROBORATES SPECIFIC CLAIMS AND COMPLEMENTS</u>
    <u>THE EVIDENCE SUBMITTED IN SUPPORT OF THE FIRST AMENDED PETITION</u>:

The results of the FOIA request attached as Exhibit No. 35, do not change the nature of any CLAIM of the Habeas Petition, but rather complements the evidence presented in support of the respective claims as submitted in state court.  Those supported CLAIMS as they are now pending in the First Amended Petition before the Court, and the materiality of the FOIA results affecting such, include but are not limited to the following:

   A.  CLAIM 4: Outrageous Goverment Conduct in the transnational arrest and
              conveyance of the Petitioner [ATTACHMENT B at Pg. 1]

In CLAIM 4.2, the Petitioner details three different and contradictory versions of his arrest and conveyance as provided by the Prosecution Team members. This includes the prosecutor's repeated statements of arrest on a federal international arrest warrant and subsequent extradition; the FBI Agent's sworn statements that Petitioner was arrested on a federal warrant, and; the OCDA's investigator's story of the Petitioner being detained on that federal warrant and delivered in custody by Panamanian Officials. However, the FOIA as submitted requested copies of any and all federal warrants, domestic and international; and the response clearly is void of not only any federal warrants but also in lacking in any information that corroborates any detail offered by any of the Prosecution Team's versions. Therefore the information provided through the FOIA response demonstrates that the versions of arrest and conveyance are materially false, and because this supports the CLAIM of an illegal arrest and unlawful conveyance that has been concealed by the Prosecution in violation of the Petitioner's fundamental rights, such is proportional to the needs of the case that involves conduct that is shocking to a universal sense of justice.

    B.  CLAIM 8.81.7(B): The Undue Influence of the Actual Bias Harbored by the Trial Court [ATTACHMENT G at Pg. 25]

The Petitioner claims that the Trial Court's willful refusal to disclose an actual bias that stems from an extrajudicial source, deprived him of any meaningful opportunity to litigate the means and method used by the prosecution team in its arrest and conveyance. Liteky v. United States, 510 US 540 (1994) denotes an extrajudicial source as a factor in determining the degree to which the bias has influenced the trial process. Therefore and because the FOIA results shows the information that belies a legal and lawful process in arrest and conveyance, the actual bias of the Trial Court that prevented the disclosure of such has not only deprived the Petitioner of evidence of a defective prosecutorial process but has also precluded any opportunity for the jury to hear and determine credibility of

the case and those of the prosecution that are maintaining it.

    C. CLAIM 9.71.6: The Adverse Effects of the Trial Counsel's Undisclosed Conflict of Interest [ATTACHMENT G at Pg. 10]

The Petitioner claims that the undisclosed conflict of interest of Trial Counsel compromised his defense by counsel's refraining from any challenge or litigation of the means and method used to arrest and convey. A conflict between a client and his lawyer's personal interests can be a violation of the Sixth Amendment [Mannhalt v. Reed, 847 F.2d 576, 580 (9th Cir. 1988)], which to establish requires a petitioner to show its adverse effect on counsel's performance [Mickens v. Taylor, 535 US 162 (2002)]. Therefore the FOIA results that show the adverse effect of counsel's failure to litigate the arrest as it would jeopardize his own interests that are inherent in an endorsement of a judge in the county of his practice, presents the federal Court with that evidence of presumptively prejudicial conflict of interest.

    D. OTHER CLAIMS: CLAIM 5.2 [ATT. B at Pg. 44]; CLAIM 6.7 [ATT. B at Pg. 75]; CLAIM 7.3(G) [ATT. C at Pg. 13]

The information presented through the FOIA response is also material to various other CLAIMS as it shows the prosecution's exploit of unlawful process to add charges in violation of international treaty and established federal law [CLAIM 5.2]; the false evidence of legal and lawful process offered to the jury that improperly allowed jurors to consider an incorrect pretense of flight as conduct associated with guilt [CLAIM 6.7], and; the willful suppression of evidence as discovery requested by the Petitioner that deprived the Petitioner of the very information finally being presented through the response from the USMS [CLAIM 7.3(G)]. As it is proportional to the needs of the case and material to the resolution of the respective CLAIMS, its inclusion in the record is merited as such promotes the just and speedy disposition of the Petition.

5. THE FOIA RESPONSE REBUTS THE PRESUMPTION THAT STATE PETITION NO. S270092 WAS ADJUDICATED ON THE MERITS; AND/OR 'IN THE ALTERNATIVE' SHOWS THE STATE'S DETERMINATION OF FACTS TO BE OBJECTIVELY UNREASONABLE:

The State habeas petition of S270092 that raised the federal issues and presented newly discovered evidence of trial counsel's undisclosed conflict of interest [Claim 1] and Trial Court's harbored actual bias [Claim 2], also demonstrated the adverse effects and undue influence that are components of the working constitutional standards by which such claims are measured. As indicated in No. 2 above, the Petitioner attached his FOIA request as Exhibit G [now Exhibit No. 31 of the First Amended Petition], as proof of his continuing due diligence in obtaining all evidence relevant to the habeas CLAIMS. Therefore, the information now presented through the eventual USMS response to the FOIA that conclusively indicates no warrant was used by Panamanian Officials in arresting the Petitioner, also shows the state courts' neglect in evaluating the evidence-- and thus as an empirical matter, rebuts the presumption that those state courts provided any adjudication on the merits [see Johnson v. Williams, 568 US 289 (2013); also No. 3B of the Traverse Memorandum at Pg. 10]. 'In the alternative' to this rebuttal, the state court's denial of habeas petition S270092 fails to find any facts whatsoever; and the USMS response to the FOIA that presents information that is central to the claims as raised, shows that neglect of any factual determination to be "perforce unreasonable" [Taylor v. Maddox, 366 F.3d 992, 1014 (9th Cir. 2004); also No. 1 of 'In the Alternative' Traverse at Pg. 1]

6. THE INFORMATION PRESENTED THROUGH THE FOIA RESPONSE IS PROPER BEFORE THE COURT AS STATE COURTS HAVE HAD THE OPPORTUNITY TO CORRECT THE RELATED CONSTITUTIONAL VIOLATIONS:

The exhaustion requirement as indicated by Alfaro v. Johnson, 862 F.3d 1176, 1180 (9th Cir. 2017), is rooted in the principle of comity, and "reduces friction between state and federal court systems by avoiding the unseemliness of a federal district

court's overturning a state court conviction without state courts having had an opportunity to correct the constitutional violation in the first instance" [citing O'Sullivan v. Boerckel, 526 US 838, 845 (1999)]. As set forth in the Statement of Relevant Facts above in No. 2, the CLAIMS affected by the information provided through the FOIA response had been fairly presented to the state court along with a copy of the FOIA request; and therefore, the state's highest court has been provided not only with the opportunity to correct the constitutional violations as pleaded, but also given the chance to find the requisite facts as sought by the Petitioner in the attached request for evidentiary hearings. Hence, "if the [state] corrective process is so clearly deficient as to render futile any effort to obtain relief", a petitioner may seek redress in federal court [Alfaro v. Johnson, quoting Duckworth v. Serrano, 454 US 1, 3 (1981)]. Accordingly, any contention that the FOIA response needs to be exhausted in state court after the claims and the FOIA request were already fairly presented, fails to acknowledge the "absence of available state corrective process" and the "circumstances exist[ing] that render such process ineffective to protect the rights" of the Petitioner that permits a federal court to consider the information as presented [Harper v. Houston 2021 US Dist. LEXIS 157994, *4 (C.D.Ca.2021); 28 USCS 2254(b)(1)(B)(i)/(ii)].

7. UNDATING THE REVIEWABLE RECORD TO INCLUDE THE FOIA RESPONSE IS NOT PRECLUDED BY CULLEN V. PINHOLSTER OR STONE V. POWELL:

   A. Pinholster is not controlling: Cullen v. Pinholster, 563 US 170 (2011) restricts the federal habeas review to that which was presented through the state record; however, this only applies to claims that were adjudicated on the merits in state court [e.g Quezada v. Scribner, 2011 US Dist. LEXIS 92909, *23 (C.D.Cal. 2011); Pinholster at 1400-1401], or where the petitioner had failed in his duty to develop the factual basis in state courts [Williams v. Taylor, 529 US 420, 432 (2000)]. This failure to develop is not established, however, unless there is a

lack of diligence attributable to the petitioner; and diligence "depends on
whether the prisoner made a reasonable attempt in light of the information at the
time to investigate and pursue claims in state court" [Williams v. Taylor at 435].
In the Petitioner's case, irrespective of the rebuttal of the 'adjudication'
presumption, the Petitioner as described in the Statement of Relevant Facts in
No. 2 above, has diligently investigated and pursued this information and related
CLAIMS in state court.  Therefore and because the delay in obtaining this information
lies with the state judicial process and its failure to compel disclosure of such
from those who bear    a constitutional obligation to provide, Pinholster's
restriction of review is not applicable to these circumstances [see Cooper-Smith
v. Palmateer, 397 F.3d 1236, 1241 (9th Cir. 2005)].

B. Stone v. Powell does not preclude the information or the CLAIM:  The
Supreme Court in Stone v. Powell, 428 US 465, 481-482 (1976) indicated that Fourth
Amendment violations are not cognizable on habeas review unless state courts did not
provide opportunity to litigate the claim fully and fairly.  In Lynch v. Spearman,
2020 US Dist. LEXIS 219396 (C.D.Ca.2020), the court noted that "full and fair
consideration in the context of the 4th  Amendment includes at least one evi-
dentiary hearing in trial court and...full consideration by an appellate court when
the facts are not in dispute".  Thus the information presented through the FOIA
response that demonstrates the prejudicial effect of actual bias and conflicted
interest of Trial Court and trial counsel that deprived the Petitioner of any
meaningful litigation of the 4th Amendment violations, also shows the neglect of
state review courts to provide full consideration by the failure to find the facts
of the arrest that were in dispute.  Thus, without any true litigation provided
by any state court, the information and the related CLAIMS are cognizable under
Stone v. Powell.

8. <u>RULE 7 OF THE HABEAS RULES PERMITS THE COURT TO UPDATE THE REVIEWABLE RECORD</u>:

In <u>Conde-Rodriguez v. Adler, 2010 US Dist. LEXIS 56840, *10 (E.D.Cal.2010)</u>, the court indicated it has the "inherent power to control its docket and disposition of its cases with economy of time and effort", and recognized Rule 7 of the Habeas Rules "permits expansion of the record by submitting materials relevant to the merits of the petition".  Therefore, the Petitioner contends that the information presented through the FOIA response that is not only defining of adverse effects of actual bias and conflict of interest but also determinative of the state court's fatally flawed fact-finding procedure, shows good cause to include such in the reviewable record as it promotes an expeditious and economical disposition of the habeas Petition.

9. <u>CONCLUSION</u>:

For the reasons and upon the authorities as stated above, the Petitioner moves the Court to grant leave to update the reviewable record with the information as provided in attached Exhibit No. 35.  As this information promotes the just and speedy disposition of the Petition, the Court should find good cause to grant this request.

Executed this the 5th day of April , 2022, at Folsom State Prison, and respectfully submitted under penalty of perjury swearing that the foregoing is true and correct,

By: _____

Thomas Tarbutton

## CERTIFICATE OF COMPLIANCE

I hereby certify that I have prepared and typed the foregoing NOTICE OF MOTION AND RULE 7 MOTION TO UPDATE THE REVIEWABLE RECORD, and that the word count does not exceed ____2,500____ words.

Executed this the __5th__ day of __April____, 2022, at Folsom State Prison, and respectfully submitted by,

Thomas Tarbutton  CDCR# BE8274
PETITIONER in pro se

## PROOF OF SERVICE BY MAIL

I, _Thomas Tarbutton_____, AM A RESIDENT OF FOLSOM STATE PRISON IN THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA. I AM OVER THE AGE OF 18 YEARS, AND I AM/AM NOT A PARTY TO THIS ACTION.

MY PRISON NUMBER IS: ___BE8274_____.

MY PRISON ADDRESS IS: **P.O. BOX 950, Folsom, CA 95763.**

ON _____2/05_____, 2022 I SERVED A COPY OF THE FOLLOWING DOCUMENT:    PETITIONER'S NOTICE OF MOTION AND RULE 7 MOTION FOR LEAVE TO UPDATE THE REVIEWABLE RECORD; EXHIBIT NO. 35

ON THE FOLLOWING PARTIES BY PLACING THE DOCUMENTS INTO A SEALED ENVELOPE WITH POSTAGE FULLY PAID, INTO THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT FOLSOM STATE PRISON (MAILBOX RULE), REPRESA, CALIFORNIA, AND ADDRESSED AS FOLLOWS:

Jennifer Jadovitz
CAAG- Office of Attorney General
California Department of Justice
600 West Broadway, Suite 1800
San Diego, CA 92101

THERE IS DELIVERY SERVICE BY THE UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ____2/05_____, 2022, AT REPRESA, CALIFORNIA.

_____
Signature

RULE 7 MOTION:   PAGE 14

EXHIBIT NO. 35

CONTENTS:

> Freedom of Information Act response received from the United States
Marshals Service

EXHIBIT NO. 35

EXHIBIT NO. 35



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

*CG-3, 15th Floor*
*Washington, DC  20530-0001*

March 10, 2022

Mr. Thomas Tarbutton
Folsom State Prison Housing #1-C1-11
PO Box 715071
Represa, CA  95671
Sent Via US Mail

      **Re:  Freedom of Information Act Request No. 2021-USMS-FOIA/PA-000067**
      **Subject: All records on Thomas Tarbutton**

Dear Mr.Tarbutton:

      The United States Marshals Service (USMS) is responding to your Freedom of
Information Act (FOIA) request for the following pertaining to yourself:

      1. Copies of any federal warrant, domestic or international, wherein you are named
      arising from FBI case no. 318E-LA-256404;

      2. Information as to the current disposition of any warrant; and

      3. Copy of any warrant wherein you are named that may have originated outside the
      scope of the FBI investigation..

      Pursuant to your request, the USMS conducted a search of the Central District of
California and the Investigative Operations Division and located 7 responsive pages.  Portions of
the pages are withheld pursuant to FOIA Exemptions (b)(6), (b)(7)(C), (b)(7)(F), and (b)(7)(E).

      FOIA Exemption (b)(6) allows an agency to withhold personnel, medical, and similar
files, the disclosure of which would constitute a clearly unwarranted invasion of personal
privacy.  Records that apply to or describe a particular individual, including investigative
records, qualify as "personnel," "medical," or "similar files" under Exemption 6.  FOIA
Exemption (b)(7)(C) protects records or information compiled for law enforcement purposes to
the extent that the production of such records or information could reasonably be expected to
constitute an unwarranted invasion of personal privacy.  A discretionary release of such records
is not appropriate.  See United States Department of Justice (DOJ) v. Reporters Committee for
Freedom of the Press, 489 U.S. 749 (1989).

      FOIA Exemption (b)(7)(F) protects law enforcement information that "could reasonably
be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F)
(2006), amended by OPEN Government Act of 2007, Pub. L. No. 110175, 121 Stat. 2524.

Courts have routinely upheld the use of Exemption (b)(7)(F) to protect the identities of law enforcement agents, as well as protect the names and identifying information of non-law enforcement federal employees, local law enforcement personnel, and other third persons in connection with particular law enforcement matters. See Rugiero v. DOJ, 257 F.3d 534, 552 (6th Cir. 2001); Johnston v. DOJ, No. 97-2173, 1998 WL 518529, *1 (8th Cir. Aug. 10, 1998).

Accordingly, the personally identifiable information of law enforcement officers and government employees was withheld from the responsive documentation. The disclosure of such sensitive information contained in records compiled for law enforcement purposes to the public could subject law enforcement officers and other government personnel to harassment and unwelcome contact. This could disrupt and impede official agency activity, as well as endanger the safety of law enforcement officials. Additionally, the personally identifiable information of third parties named in the records was withheld. The disclosure of third party information could constitute an unwarranted invasion of personal privacy and subject the individuals to embarrassment, harassment, and undue public attention. Individuals have a recognized privacy interest in not being publicly associated with law enforcement investigations, not being associated unwarrantedly with alleged criminal activity, and controlling how communications about them are disseminated.

FOIA Exemption (b)(7)(E) exempts from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Public disclosure of information such as internal URLs, codes, and internal identifying numbers could assist unauthorized parties in deciphering the meaning of the codes and numbers, aid in gaining improper access to law enforcement databases, and assist in the unauthorized party's navigation of these databases. This disclosure of techniques for navigating the databases could permit people seeking to violate the law to gain sensitive knowledge and take preemptive steps to counter actions taken by USMS during investigatory operations. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. 552(c) (2006 & Supp. IV (2010)). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

If you are not satisfied with the United States Marshals Service (USMS) determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

You may also contact Charlotte Luckstone or our FOIA Public Liaison at (703) 740-3943 for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.

The contact information for OGIS is as follows: Office of Government Information

Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

/s/ ERT for

Charlotte M. Luckstone
Senior Associate General Counsel
FOIA/PA Officer
Office of General Counsel

United States Marshals Service
LIMITED OFFICIAL USE
Subject Report for TARBUTTON,THOMAS FRANKLIN (FID [ (b)(7)(E) ]

Name : TARBUTTON,THOMAS FRANKLIN
FID# [ (b)(7)(E) ]
Case Status : Historical  Subject is NOT in NCIC for USMS
Prisoner Status: No Record

### Alias List

| Seq. # | Alias |
|--------|-------|
| 1 | |
| 2 | (b)(7)(E) |

### DOB List

| Seq. # | Date of Birth | Place of Birth | NCIC Valid? |
|--------|---------------|----------------|-------------|
| 1 | 06/22/1959 | | Yes |

### Social Security Number List

| Seq. # | Social Security Number |
|--------|------------------------|
| 1 | 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 |

### FBI Number/UCN List

| Seq. # | FBI Number/UCN |
|--------|----------------|
| 1 | (b)(7)(E) |

### Subject Description List

| Seq. # | Eyes | Hair | Height | Weight | Skin | Race | Sex | NCIC Valid? |
|--------|------|------|--------|--------|------|------|-----|-------------|
| 1 | GRN | GRY | 6'03" | 210 | FAR | W | M | Yes |

### Picture/Image List

| Seq. # | District | Remark |
|--------|----------|--------|
| 1 | (b)(7)(E) | CALIFORNIA DRIVERS LICENSE PHOTO |

### Miscellaneous Number List

| Seq. # | Miscellaneous Number | Issue Date | Exp. Date | Remark |
|--------|----------------------|------------|-----------|--------|
| 1 | (b)(7)(E) | | | CALIFORNIA CII |

### Operator License List

| Seq. # | Operator License | State | Year |
|--------|------------------|-------|------|
| 1 | (b)(7)(E) | CA | 2013 |

### Profile Information

| | | | |
|--|--|--|--|
| Money Launderer | No | DEA - GDEP | |
| "Kingpin" | No | DEA Violator (Historical) | |
| Triggerlock Case | No | International Lookout Placed No | |
| Violent Offender | No | | |

### Criminal History

| Offense | Arrests | Convictions | Offense | Arrests | Convictions |
|---------|---------|-------------|---------|---------|-------------|
| Immigration | 0 | 0 | Homicide | 0 | 0 |
| Kidnapping | 0 | 0 | Rape/Sex Assault | 0 | 0 |
| Assault/Battery | 0 | 0 | Robbery | 0 | 0 |
| Burglary/Larceny | 2 | 2 | Narcotics | 0 | 0 |
| Weapons (Firearms) | 0 | 0 | Extortion | 0 | 0 |
| Weapons (Other) | 0 | 0 | | | |
| Forgery/Fraud | 0 | 0 | | | |
| Failure to Register (Sex Offense) | 0 | 0 | Failure to Comply (Sex Offense) | 0 | 0 |

### Sex Offenses

| | | | |
|--|--|--|--|
| Arrest | No | Conviction | No |
| Registered | No | Registration Violation | No |

United States Marshals Service
LIMITED OFFICIAL USE
Subject Report for TARBUTTON,THOMAS FRANKLIN (FID [(b)(7)(E)]

[(b)(7)(E)] exist for this fugitive.

|  | Other Documents | | | |
|---|---|---|---|---|
| Related Case | Barcode | Upload Date | Filename | Description |

Case List

Case Number: [ (b)(7)(E) ]
Sealed Warrant?: No
Case Status: Closed
Originating District: [(b)(7)(E)] CA/C LOS ANGELES (PACIFIC SW RFTF)
Charge Information
Agency: LOC - State or Local Agency
ORANGE COUNTY SHERIFF'S DEPT. [ (b)(7)(E) ]
Charge: 2899, Stolen Property
Warrant/Case Date: 10/12/2011
Date Received: 11/07/2011
OCDE: No
State/Local/Tribal ORI: ORANGE COUNTY SHERIFF'S DEPT. [ (b)(7)(E) ]
Close Information
Date Closed: 08/11/2020
Date Executed: 12/17/2013
Execution Code: PHYSICAL ARREST
Arrested in District: [(b)(7)]
Closing Task Force: PSRT - PACIFIC SOUTHWEST RFTF
To Be Prosecuted: U
Close Summary: ON 12/17/13 OCSD LOCATED AND ARRESTED THOMAS TARBUTTON (6/22/59) FOR
HIS FELONY WARRANT (11CF2747).

Criminal Case List

CONTROLLED/CHRI



**U.S. Department of Justice**
United States Marshals Service

**USM 129 Individual Custody/Detention Report**
Printed on: 02/14/2022



PHOTO DATE: 12/12/2020

**Name**
**TARBUTTON, THOMAS FRANKLIN**

| USMS # | FID # | UCN | SSN | Alien # |
|---|---|---|---|---|
| | (b)(7)(E) | (b)(7)(E) | 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 | |

**Current Physical Custody Status**

| Height | Weight | Race | Hair | Eye Color |
|---|---|---|---|---|
| 6'03" | 210 | W | GRY | GRN |
| **DOB** | **Age** | **Sex** | | |
| 06/22/1959 | 62 | M | | |

---

**HIGH-LEVEL CAUTION DATA**

No High-Level Caution Data On Record

**SUPPLEMENTAL PERSONAL DATA**

| DOB | SSN | Alias |
|---|---|---|
| 06/22/1959 | 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 | (b)(7)(E) |

| Addresses | Phone Numbers | Places of Birth |
|---|---|---|
| None on record | None on record | None on record |

**Miscellaneous Numbers**

| Type | Number | Remark | Source |
|---|---|---|---|
| Federal ID (FID) | (b)(7)(E) | | JDIS |
| Driver's License Number | (b)(7)(E) | | JDIS |
| Originating Agency Police Number | (b)(7)(E) | CALIFORNIA CII | JDIS |
| UCN - Universal Control Number/FBI Number | (b)(7)(E) | | JDIS |

**DNA**

No DNA Information Available

**MEDICAL DATA**

**Medical Conditions**

No Medical Conditions On Record

**TB Assessments**

No TB Test On Record

**Immunizations**

No Immunizations On Record

**Medical Costs**

No Medical Costs On Record

**Infectious Disease Assessments**

No Infectious Disease Assessments On Record

**DETAILED CAUTIONS**

This document is the property of the U.S. Marshals Service and that its contents may be disseminated or accessed without USMS Marshals Service authority.
UNCLASSIFIED/LAW ENFORCEMENT SENSITIVE

CONTROLLED/CHRI



**U.S. Department of Justice**
United States Marshals Service

**USM 129 Individual Custody/Detention Report**
Printed on: 02/14/2022

**Separatees**

No Separatees On Record

**Co-Defendants**

No Co-Defendants On Record

**RESTRICTIVE HOUSING**

No Restrictive Housing entries On Record

The information is the property of the U.S. Marshals Service and Shall Not be Publicly Released or Disseminated Without US Marshals Service Authority
UNCLASSIFIED/LAW ENFORCEMENT SENSITIVE

Page 4 of 7

United States Marshals Service
LIMITED OFFICIAL USE
Subject Report for TARBUTTON,THOMAS FRANKLIN (FID [(b)(7)(E)]



Seq# : 1
NCIC# : Not in NCIC
Badge : [(b)(7)(E)]
District : [(b)(7)]
Entered : 11/08/2011
Name : TARBUTTON,THOMAS FRANKLIN
FID# : [(b)(7)(E)]
Case Status : Historical  Subject is NOT in NCIC for USMS
Prisoner Status: No Record

**Alias List**

| Seq. # | Alias |
|--------|-------|
| 1 | |
| 2 | (b)(7)(E) |

**DOB List**

| Seq. # | Date of Birth | Place of Birth | NCIC Valid? |
|--------|---------------|----------------|-------------|
| 1 | 06/22/1959 | | Yes |

**Social Security Number List**

| Seq. # | Social Security Number |
|--------|------------------------|
| 1 | 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 |

**FBI Number/UCN List**

| Seq. # | FBI Number/UCN |
|--------|----------------|
| 1 | (b)(7)(E) |

**Subject Description List**

| Seq. # | Eyes | Hair | Height | Weight | Skin | Race | Sex | NCIC Valid? |
|--------|------|------|--------|--------|------|------|-----|-------------|
| 1 | GRN | GRY | 6'03" | 210 | FAR | W | M | Yes |

**Picture/Image List**

| Seq. # | District | Remark |
|--------|----------|--------|
| 1 | (b)(7)(E) | CALIFORNIA DRIVERS LICENSE PHOTO |

**Miscellaneous Number List**

| Seq. # | Miscellaneous Number | Issue Date | Exp. Date | Remark |
|--------|---------------------|------------|-----------|--------|
| 1 | (b)(7)(E) | | | CALIFORNIA CII |

**Operator License List**

| Seq. # | Operator License | State | Year |
|--------|-----------------|-------|------|
| 1 | (b)(7)(E) | CA | 2013 |

**Profile Information**

| Money Launderer | No | DEA - GDEP |
|-----------------|-----|------------|

02/15/2022 9:20 AM EST

1

United States Marshals Service
LIMITED OFFICIAL USE
Subject Report for TARBUTTON,THOMAS FRANKLIN (FID [(b)(7)(E)] )

| "Kingpin" | No | DEA Violator (Historical) |
| Triggerlock Case | No | International Lookout Placed No |
| Violent Offender | No | |

### Criminal History

| Offense | Arrests | Convictions | Offense | Arrests | Convictions |
|---|---|---|---|---|---|
| Immigration | 0 | 0 | Homicide | 0 | 0 |
| Kidnapping | 0 | 0 | Rape/Sex Assault | 0 | 0 |
| Assault/Battery | 0 | 0 | Robbery | 0 | 0 |
| Burglary/Larceny | 2 | 2 | Narcotics | 0 | 0 |
| Weapons (Firearms) | 0 | 0 | Extortion | 0 | 0 |
| Weapons (Other) | 0 | 0 | | | |
| Forgery/Fraud | 0 | 0 | | | |
| Failure to Register (Sex Offense) | 0 | 0 | Failure to Comply (Sex Offense) | 0 | 0 |

### Sex Offenses

| Arrest | No | Conviction | No |
|---|---|---|---|
| Registered | No | Registration Violation | No |

[(b)(7)(E)]s exist for this fugitive.

### Other Documents

| Related Case | Barcode | Upload Date | Filename | Description |
|---|---|---|---|---|

### Case List

Case Number: [ (b)(7)(E) ]
Sealed Warrant?: No
Case Status: Closed
Originating District: [b)7] - CA/C LOS ANGELES (PACIFIC SW RFTF)
Charge Information
Agency: LOC - State or Local Agency
ORANGE COUNTY SHERIFF'S DEPT. [ (b)(7)(E) ]
Charge: 2899, Stolen Property
Warrant/Case Date: 10/12/2011
Date Received: 11/07/2011
OCDE: No
State/Local/Tribal ORI: ORANGE COUNTY SHERIFF'S DEPT. [ (b)(7)(E) ]
Close Information
Date Closed: 08/11/2020
Date Executed: 12/17/2013
Execution Code: PHYSICAL ARREST
Arrested in District: [b)7]
Closing Task Force: PSRT - PACIFIC SOUTHWEST RFTF
To Be Prosecuted: U
Close Summary: ON 12/17/13 OCSD LOCATED AND ARRESTED THOMAS TARBUTTON (6/22/59) FOR HIS FELONY WARRANT (11CF2747).

### Criminal Case List

**U.S. Department of Justice**
United States Marshals Service

## REPORT OF INVESTIGATION

Page 1 of 1

| 1. FID: [(b)(7)(E)] <br> CASE: [ (b)(7)(E) ] | 2. DATE OF REPORT: 08/11/2020 | 3. REPORTED <br> BY: [(b)(6); (b)(7)(C); (b)(7)(F)] <br> AT: [(b)(7)] |
|---|---|---|
| 4. SUBJECT NAME: TARBUTTON,THOMAS FRANKLIN | | |

5. MERGED FIDs:

6. TYPE OF REPORT:
[ ] REPORT OF ELECTRONIC INTERCEPTION
[ ] COLLATERAL LEAD
[ ] WITNESS INTERVIEW
[ ] ADMINISTRATIVE SUBPOENA
[ ] CS/CI REQUEST
[ ] INVESTIGATIVE ENDEAVOR

[x] ARREST/CLOSE [(b)(7)(E)]
[ ] INTELLIGENCE UPDATE
[ ] MEMORANDUM TO FILE
[ ] DUE DILIGENCE
[ ] BWC FAILURE
[ ] OTHER

| 7. HOURS WORKED: | 8. BWC FOOTAGE EXISTS: | 9. BWC FOOTAGE REVIEWED: |
|---|---|---|

ON 12/17/13 OCSD LOCATED AND ARRESTED THOMAS TARBUTTON (6/22/59) FOR HIS FELONY WARRANT (11CF2747).

| 10. SIGNATURE (*Name and Title*) <br><br> (b)(6); (b)(7)(C); (b)(7)(F) <br> Task Force Officer | 11. DATE <br> 08/11/2020 1:57 PM EDT | 14. DISTRIBUTION <br> __DISTRICT <br> __HEADQUARTERS <br> __OTHER_____ |
|---|---|---|
| 12. APPROVED (*Name and Title*) <br><br> (b)(6); (b)(7)(C); (b)(7)(F) | 13. DATE <br> 12/17/2020 5:45 PM EST | |

**UNITED STATES MARSHALS SERVICE**
*THIS REPORT IS THE PROPERTY OF THE UNITED STATES MARSHALS SERVICE. NEITHER IT NOR ITS CONTENT MAY BE DISSEMINATED OUTSIDE THE AGENCY TO WHICH LOANED.*

02/15/2022 9:19 AM EST

Th
Fo
PO Box 715071
Represa, CA   95671

FOLSOM STATE PRISON
P.O.BOX 950
FOLSOM, CA 95763
LEGAL MAIL



United States District Court
Central Dist. of California
255 East Temple St., Room 180
Los Angeles, CA   90012



LEGAL MAIL

LEGAL MAIL

LEGAL MAIL